# OFFICIAL SYLLABI
## Ohio Appeals

### ELLIOTT et v. GARRINGER.

Ohio Appeals, 8th Dist., Cuyahoga Co.

H. E. Elliott, Cleveland, for Elliott et.
Mooney, Hahn, Loeser & Keough, Cleveland, for Garringer.

**169. BREACH OF CONTRACT—297. Contracts.**
Where, under contract to build house for $7,300, charges amount to about $10,000, contract is breached.

**1229. VENDOR AND PURCHASER—367. Deeds—381. Delivery.**
Advise to one purchaser by vendor, that deed would be delivered as soon as advised to whom transfer should be made, is not refusal to deliver deed.

**147. BILLS, NOTES AND CHECKS.**
Where defendant gave plaintiff note for equity in property, and plaintiff was willing to deliver deed as soon as advised to whom transfer should be made, plaintiff entitled to judgment on note.

CUSHING, J.
1. Where defendants agreed to build house for $7,300, but failed to build house for price agreed on, and total charges against property as result were about $10,000, defendants breached contract.

2. Where vendor had advised one of purchasers that deed for which note sued on was given would be delivered as soon as she was advised as to whom transfer should be made, vendor did not refuse to deliver deed.

3. Where defendants breached contract with plaintiff to build house for $7,300, and as result charges against property amounted to about $10,000 and defendant gave plaintiff note for $900 for her equity in property, and plaintiff was willing to deliver deed as soon as she was advised as to whom transfer should be made, plaintiff was entitled to judgment on note.

(Hamilton, P. J., and Mills, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### SOLOMON v. WAKEM.

Ohio Appeals, 1st Dist., Butler Co.

Clinton D. Boyd and Carl J. Mueller, Middletown, for Solomon.
C. W. Elliott, Middletown, for Wakem.

**1182. TRADE ACCEPTANCES—163. Bona Fide Purchasers—480. Evidence.**
Where evidence did not sustain defendant's claim of bad faith or indorsee of trade acceptances, directed verdict for plaintiff was proper.

HAMILTON, P. J.
In indorsee's suit on trade acceptances, where payee, after receiving them in Ohio, sold them to indorsee in Chicago, evidence held not to sustain claim of bad faith on part of plaintiff as indorsee in taking acceptances; hence verdict was properly directed for plaintiff.

(Mills and Cushing, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

### FINNEY et v. MOREHOUSE et.

Ohio Appeals, 6th Dist., Wood Co.

Benj. F. James, Toledo, for Finney et.
S. W. Bowman, Bowling Green, for Morehouse, et.

**1265. WEIGHT OF EVIDENCE.**
Reviewing court cannot set aside judgment on ground of conflict in testimony, unless erroneous judgment is clearly apparent. Jury or trial judge who saw and heard witnesses, must pass on truthfulness of testimony.

**1204. UNDUE INFLUENCE—367. Deeds.**
Undue influence, which will invalidate deed, must be such as to oblige grantor to adopt will of another. Means of control may consist of force or coercion, violence or threatened violence, or moral coercion. Extent or degree wholly immaterial, if sufficient to make act alleged, act of another rather than expression of mind of grantor.

HOUCK, J.
1. A reviewing court cannot set aside judgment on ground of conflict in testimony, unless on entire case and review of all evidence it is clearly apparent erroneous judgment was entered.

2. It is for jury or trial judge who saw and heard witnesses, and had opportunity to observe their manner in giving testimony, their interest, or lack thereof, to pass on and determine as to truthfulness of the testimony.

3. "Undue influence," which will invalidate a deed, must be such as to control mental operations of grantor, overcome his power of resistance, and oblige him to adopt the will of another, thus producing disposition of property which he would not have made freely.

4. As regards undue influence which invalidates a deed, the means of control may consist of force or coercion, violence or threatened violence, or moral coercion.

5. The extent or degree of undue influence which invalidates a deed is wholly immaterial, if it is sufficient to make act alleged the act of another rather than the expression of the mind of grantor.

(Shields and Lemert, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.